UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| MRS. SHELLEY RAE HIGH BEAR, | ) | Civ. 13-4054-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING LEAVE TO |
| vs. | ) | PROCEED IN FORMA PAUPERIS |
| | ) | AND DISMISSING COMPLAINT |
| ROBERT DOOLEY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Shelley Rae High Bear, filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 and requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Docket 1; Docket 4. High Bear also requests the appointment of counsel. Docket 3.

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Therefore, determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983).

According to High Bear's affidavit, she has been unemployed since March 2013, and she derives monthly income from disability benefits. Docket 4 at 2. High Bear's monthly expenses exceed her monthly income. *Id.* at 4–5. High Bear has thus made the requisite financial showing to qualify for in forma pauperis status. But the inquiry does not end there. Under § 1915, the court is required to screen High Bear's complaint to determine whether any claims should be dismissed. The court must dismiss an action or any portion thereof if the plaintiff has raised a claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)–(iii).

## STANDARD OF REVIEW

A claim "is frivolous where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous when it is "based on an indisputably meritless legal theory" or where the factual contentions "are clearly baseless." *Id.* at 327. The court may dismiss a complaint for failure to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). In reviewing a complaint under this standard, "[t]he court must presume that the factual allegations in the complaint are true and accord all reasonable inferences from those facts to the [pleader]." *Valiant-Bey v. Morris*, 829 F.2d

2

1441, 1443 (8th Cir. 1987) (citing *Holloway v. Lockhart*, 792 F.2d 760, 762 (8th Cir. 1986)).

Pro se complaints, " 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers.' " *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (noting that "civil rights pleadings should be construed liberally"). Nonetheless, a pro se complaint must comply with the minimal requirements set forth in the Federal Rules of Civil Procedure, which specifically require pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Moreover, although a pro se complaint need not contain detailed factual allegations, it must "allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to "supply additional facts, nor will [it] construct a legal theory that assumes facts that have not been pleaded." *Id.* (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). Finally, a pro se complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the complaint does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

## DISCUSSION

"[T]o state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show '(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.' " *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)). In the instant case, High Bear claims that Warden Dooley violated her due process rights by temporarily suspending her visitation rights with her husband, who is currently incarcerated at Mike Durfee State Prison in Springfield, South Dakota. Docket 1 at 1. To remedy the alleged violation, High Bear requests that Dooley be discharged from his current position and from his upcoming appointment. *Id.* at 3. Furthermore, High Bear requests that her visitation rights be reinstated, and that she be awarded $83,000—$3,000 for the cost of phone calls she has placed in the absence of visitation, and $80,000 for emotional anguish and severe depression. *Id.* at 3–4.

The facts asserted in High Bear's complaint do not state a claim on which relief may be granted. High Bear alleges that defendant unjustifiably removed High Bear from her husband's visitation list for an act she did not commit. Docket 1 at 3. More specifically, High Bear represents that her husband was found wearing a ring that prison officials believe was given to him by High Bear. *Id.* According to High Bear, however, the ring her husband was wearing "was from inmate Sam Herrald, who [High Bear] had called in a

4

complaint that he was demanding [High Bear] place money on his prison phone account for the ring." *Id.*

Even accepting these allegations as true, the court finds that High Bear has failed to state a violation of a constitutionally protected federal right because there is no constitutional right to visitation. *Ware v. Morrison*, 276 F.3d 385 (8th Cir. 2002). Accordingly, the court finds that High Bear has failed to state a claim upon which relief may be granted, and the instant complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It is therefore

ORDERED that High Bear's motion for leave to proceed in forma pauperis (Docket 4) is granted. The filing fee is waived.

IT IS FURTHER ORDERED that High Bear's complaint (Docket 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that High Bear's motion to appoint counsel (Docket 3) is denied as moot.

Dated June 11, 2013.

       BY THE COURT:

       /s/ *Karen E. Schreier*
       KAREN E. SCHREIER
       UNITED STATES DISTRICT JUDGE